# Marino & Veneziano
ATTORNEYS AT LAW
163 West 71st Street
New York, New York 10023

| | | |
|---|---|---|
| **Amelio P. Marino** | (212) 873-7297 | Fax: (212) 721-9060 |
| **Ronald J. Veneziano** | (212) 873-7298 | |

_____

December 29, 2009

Honorable Gary L. Sharpe
United States District Judge
Northern District of New York
James T. Foley-U.S. Courthouse
Albany, New York 12207

              Re: United States vs.
              Raquel Johnson
              08Cr.232(gls)

    Request for Downward departure pursuant to 18 USC 3553(a)

  Pursuant to 186 USC 3553 (a) in determining the particular sentence to be imposed, the Court shall consider various factors including the nature of the offense and the history and character of the defendant ; the kinds of sentences available. For the reasons that follows, I urge the Court to impose a sentence substantially below the advisory guideline range and below the minimum sentence.

  Background-
    Raquel A. Johnson is a 38 year old citizen of the United States. The probation department has already completed an extensive report on behalf of the defendant and therefor I will not repeat some of the probations report. The probation report demonstrate that the defendant has a very close knit family. It also demonstrates that in her desire to have a meaningful life she enters into relationships which are devastating to her as outlined in the probation report. More important Paragraph # 29 of the probation report helps clarify some of the defendants reasons for her participation in these crimes. The defendant states that

she was never involved in the fraudulent purchase of any merchandise nor did she ever receive any financial benefit from her involved. The evidence presented by the government do not contradict this statement. It appears that the defendant is an extremely timid person young lady who is easily lead and easily intimidated. Her statement in paragraph #29 of the probation report that she felt sorry for Berthia and was threatened by him. This statement by the defendant appears to be accurate.

Copy-
The law governing Sentencing Post - Booker-

Since United States vs. Booker, 125 S. CT 738(2005), Section 3553(a) governs sentencing in federal courts. The overarching principle in fashioning an appropriate sentence is the parsimony command: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth under S 3553(a) (2). " 18 U.S.C. § 3553 (a). See United States v. Ministro-Tapia, 470 F. 3d 1 7,142,(2d cir.2006) (if a district court finds 2 sentences equally serve the purpose of § 3553, under the parsimony command it must impose the lower sentence). While the guidelines will be a point of reference or departure, it is but one factor among many relevant to the sentencing decision. See United States v. Rubenstein, 403 F3d 93, 98-99(2d Cir.2005); United States v. Crosby 397 F.3d 10, 113-14 (2d Cir. 2005). And, even after considering all the § 3553 (a) factors, the court can consider its own sense of what is a fair and just sentence under all the circumstances. United States v. Jones, 460 F.3d 191, 195 (2d Cir. 2006).

Booker provides that the court in determining the particular sentence to be imposed, shall consider seven categories of relevant factors described in Section 3553 (a):

1. The "nature and circumstances of the offense and the history and characteristics of the offender," 18 U.S.C. § 3553 (a) (1);

2. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and "provide the defendant with needed educational or vocational training, medical care, or other correctional

      treatment in the most effective manner," id. (A) (2);

3. "[The kinds of sentences available]," id. (a) (3);

4. The kinds of sentence and the sentencing range established by the Sentencing Commission in the Sentencing Guidelines, id. (a) (4);

5. Any pertinent policy statements issued by the Sentencing Commission, id. (a) (5);

6. The need to avoid unwarranted sentence disparities among similarly situated defendants, id. (a) (6); and

7. The need to provide restitution, id. (a) (7).

First, the "nature and circumstances of the offense," § 3553 (a) (1), do not require a 2-year term of imprisonment. Motive for the offense may properly be considered by the sentencing court. See Wisconsin v. Mitchell, 508 U.S. 476, 485 (1993); Unites States v. Galvez-Barrios, 355 F. Supp. 958 (E.D.N.Y. 2005) (3-level reduction based on defendant's motive for illegal reentry was to rejoin his family). Cf. United Statesv. Haidley, 400 F.3d 642, 645 (8th Cir. 2005) (that defendant had embezzled money for her child's high medical expenses, although not a basis for a departure, was a relevant factor under § 3553 (a) (1) ; United States v. Antona Kapoulos, 399 F3d 68 (1st Cir. 2005) (in a bank fraud prosecution, a crime motivated by need of defendant to care for brain damaged son could support a reduced sentence under Booker). Cf. United States v. Singh, 224 F. Supp.2d 962 (E.D. Pa. 2002) (reentry to visit dying mother resulted in a departure from 37 to 21 months).

      In this case Johnson was easily lead and threatened and she did not benefit from the crimes. The US Attorney will submit a 5K letter on behalf of the defendants which they will argue only applies to one of the counts. It is our position that this Court should not limit the use of the 5K letter. This Court should make injury as to the extend of the defendants cooperation to determine if the defendant lived up to her understanding of "cooperation with the Government" and the value of the cooperation given to the government by the defendant.

In summary, we are requesting a downward departure for the 2 counts.

Respectfully,

_____

Amelio P. Marino

CC: Assistant US Attorney
Thomas A. Capezza
445 Broadway - Room 231
Albany, NY 12207